UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| **EVAN DENHAM,**<br>**Individually and on behalf**<br>**of all others similarly situated**<br><br>    *Plaintiff*,<br><br>v.<br><br>**EIGHT ELEVEN GROUP, LLC** f/k/a<br>**TECHNICAL YOUTH, LLC**<br>    *Defendant.* | Case No:   3:22-cv-531<br><br>*Jury Trial Demanded* |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, Evan Denham ("Denham"), brings this action individually and on behalf of all current and former hourly employees who were paid an hourly rate and an hourly per diem (hereinafter "Plaintiffs and the Putative Class Members") who worked for Eight Eleven Group, LLC[1] f/k/a Technical Youth, LLC ("Defendant"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b) and, with respect to individuals who worked in Virginia, pursuant to Va. Code Ann. §§ 40.1-29 and 40.1-29.2.

The FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the additional Virginia law claims are asserted as class actions under

---

[1] Internally, Denham was informed that he worked for the Eight Eleven Group. LLC through a branch of the company known as Brooksource that operates in the IT staffing space. *See* www.brooksource.com.  The Eight Eleven Group, LLC provides staffing to different industries through sub-divisions other than Brooksource called Medasource and CalculatedHire.

1

Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.    OVERVIEW

1.    This is a collective action to recover overtime wages, regular wages, liquidated damages, and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and class action pursuant to Va. Code Ann. §§ 40.1-29 and 40.1-29.2 under FED. R. CIV. P. 23 to recover unpaid overtime wages and other applicable penalties.

2.    The FLSA Collective Members are those similarly situated persons who have worked for Defendant at Defendant client sites throughout the United States, who were paid an hourly rate and an hourly per diem, at any time during the three years preceding the filing of this complaint, and have not been paid for all hours worked nor the correct amount of overtime in violation of federal law.

3.    The Virginia state law Class Members are those similarly situated persons who have worked for Defendant in Virginia and were paid an hourly rate and an hourly per diem, who, at any time since July 1, 2021 until July 1, 2022, have not been paid for all hours worked nor the correct amount of overtime in violation of state law.

4.    Specifically, Defendant has enforced a policy wherein, depending on the client, certain employees are paid their straight hourly rate for all hours worked and receive no owed federal or state overtime premium after they have worked 40 hours in a week.  Defendant has enforced an additional policy on some client jobs, wherein an hourly per diem amount is only paid for hours worked under 40 in a single week.

5.    Defendant's illegal policy has caused Plaintiff and the Putative Class Members to

have worked hours that were not compensated correctly. Additionally, Defendant inaccurately characterized certain wages as a *per diem*, and thus failed to properly pay Putative Class Members all of their regular and overtime wages and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

6. Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7. Defendant knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked and the proper amount of overtime on a regular basis during the relevant time period(s).

8. Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or Virginia law.

9. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time, overtime, liquidated damages, and other damages owed under Virginia law as a class action pursuant to Federal Rule of Civil Procedure 23.

10. Plaintiff prays that all similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11. Plaintiff also prays that the Rule 23 class is certified as defined herein, and the Plaintiff designated herein be named as Class Representative.

## II. THE PARTIES

12. Plaintiff Denham was employed by Defendant with the title of Technician from approximately May of 2021 through November 18, 2021. During that time Denham was staffed to multiple client sites, including from October 18, 2021 to his separation, his being staffed to an electronic records project at Virginia Commonwealth University Hospital also known as VCU Health System (collectively "VCUHS"). He was an hourly employee of Defendant who received an hourly wage and an hourly supplement that was called a *per diem*, but in actuality was simply a compensation supplement. With respect to work performed for at least one client, Denham did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

13. The FLSA Collective Members are those current and former hourly employees who were employed by Defendant at any time within the three years preceding the filing of this complaint, through the final disposition of this matter, and have been subjected to the same pay system(s) under which Plaintiff worked and was paid.

14. The Virginia Class Members are those current and former hourly employees who were employed by Defendant in Virginia, at any time since July 1, 2021, until July 1, 2022, and have been subjected to the same pay system under which Plaintiff Denham worked and was paid.

15. Defendant, is a domestic for-profit corporation, organized under the laws of the State of Indiana with its headquarters in Indianapolis. Brooksource is owned and/or controlled by the Defendant. Additionally, filings with the Virginia Secretary of State indicate that Technical Youth, LLC is a former name for the Defendant.

---

[2] The written consent of Evan Denham is attached hereto as Exhibit 1.

**III.    JURISDICTION & VENUE**

16. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

17. This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

18. This Court has personal jurisdiction over Defendant because of Defendant's conduct within this District and Division.

19. Venue is proper in the Eastern District of Virginia because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred

20. Specifically, Defendant has maintained a significant working presence within this District and Division and Plaintiff worked for Defendant within this District and Division.

21. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

### COVERAGE UNDER THE FLSA

22. At all relevant times, Defendant was an "employer" within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all relevant times, Defendant was an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

24. At all relevant times, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce.

25. At all relevant times, Defendant has had and has an annual gross volume of sales made or business done of not less than $500,000.

26.     At all relevant times, Denham and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

IV.  **ADDITIONAL FACTS**

27.     Brooksource is an information technology staffing provider under the greater umbrella of Defendant. One of the services Brooksource offers is assistance to hospitals/healthcare providers who are implementing electronic patient record platforms or changing to a new one.

28.     Once hired by a hospital client, Brooksource staffs the job with myriad employees, each with a specific responsibility.  It was in this capacity that the Plaintiff worked for Brooksource/the Defendant.

29.     Plaintiff's written job description with Defendant was Technician and included "computer programming, software development, systems analysis, data analysis, professional engineering, consulting, technical writing, hardware/software support, software testing, training, financial analysis, accounting, general business and/or other specialized technical work." However, Plaintiff and other Defendant Technicians performed almost none the above duties with any degree of regularity. Rather, they were "Testers."

30.     The Tester position required no technical or specialized knowhow. Testers did not install software, create software, program computers, nor perform any level of complex analysis. Rather, Plaintiff's duties consisted of visiting with various departments, after other Defendant employees had installed the patient records platform, and checking the computers and printers and other connected devices to make sure the newly installed platform and the machines were connected and were running properly.

31.     Performing the job of Tester required individuals to follow instructional templates and did not require any technical or programming savvy or expertise, nor did it involve any

problem solving.

32. Testers exercised no discretion or independent judgment.

33. In the event the platform was not running smoothly, any fixes or corrections would be performed by other Defendant employees.

34. With respect to the job at VCUHS, Defendant paid Denham $30/hour for all hours worked and an additional hourly amount (which Defendant called a "*per diem*") of $25/hour for all hours worked. On information and belief, Defendant paid other Testers and other employees on the VCUHS and other jobs in a similar fashion with the only potential divergence being whether or not Defendant continued to pay employee's hourly "*per diem*" for hours worked over forty in a workweek.

35. Although *per diem* literally translates to "per day," Defendant so-called *per diem* was paid based on a <u>per hour</u>, not a per day, basis. The effect, of course, is that Denham's regular hourly rate of pay was actually $55/hour. Upon information and belief, Defendant failed to pay or withhold any taxes from Denham's pay for the so called "*per diem*" portion of his regular rate of pay.

36. On those jobs where Defendant did pay Denham and other Putative Class Members an overtime premium, it did <u>not</u> include the hourly *per diem* in calculating the regular rate of pay for Plaintiff or the Putative Class Members, thus Defendant improperly, and illegally, miscalculated the overtime premium it paid to its employees. Defendant's manipulation of the regular and overtime rates of pay in this manner was to its own advantage, and to the detriment of its employees.

37. Under the law, *per diem* payments are "reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests

and properly reimbursable by the employer; and other similar payments to an employee which are not made as compensation for his hours of employment [….]" 29 U.S.C. 207(e)(2). Such *per diem* payments are excludable from an employee's regular rate of pay. However, Defendant's *per diems* in question accrued on an hourly basis, and in an amount nearly equal to the stated hourly rate of its Testers. Defendant's *per diem* payments bear no relation to expenses incurred by Plaintiffs, and were simply a simply a ruse to avoid labeling such compensation as wages.

38. Plaintiffs and the Putative Class Members are non-exempt employees that were (and continue to be) paid by the hour.

39. Plaintiffs and the Putative Class Members typically worked (and continue to often work) well over forty (40) "on-the-clock" hours per week, sometimes more than 50 hours in a week.

40. On at least some Defendant jobs, including but not limited to the VCUHS job that Denham worked, employees were paid a straight rate, which is a combination of their hourly rate and their so-called *per diem* for all hours, and were paid no overtime for hours worked over 40 per week. For example, during the weeks ending November 10 and 18 of 2021, Denham worked 68.25 and 71.25 hours, respectfully, but was paid no overtime premium and was instead paid $55 an hour for all hours worked.

41. In the case of Denham this meant that he was paid $55.00/hour for all hours of work performed on the VCUHS job. As an hourly employee, his overtime rate should have been $55 * 1.5 = $82.50/hour. He is thus owed the delta of $27.50 (i.e., $82.50 - $55.00) for each hour of overtime worked.

42. Defendant employed (and continues to employ) other individuals who perform(ed) in similar capacities to Plaintiff and who were paid under the same pay provisions as Plaintiff.

43. Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth herein, the policies of Defendant resulting in FLSA, and Virginia law violations alleged herein.

44. Defendant was (and continues to be) aware of its obligation to pay Plaintiff and the Putative Class Members for all hours worked, and to pay the proper amount of overtime for all hours worked in excess of forty (40) each week, but it has failed to do so.

45. Because Defendant did not properly pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Defendant's pay policies and practices violate the FLSA and the Virginia laws alleged herein.

**V.   CAUSES OF ACTION**

**COUNT ONE**
**(Collective Action Alleging FLSA Violations)**

46. The FLSA Collective is defined as:

> **All hourly employees who were employed by Defendant at any time within the three years preceding the filing of Plaintiff's Complaint through the final disposition of this matter who were paid an hourly *per diem* and who worked over 40 hours in a workweek. ("FLSA collective" or "FLSA collective members").**

47. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant but is believed to be well over a hundred.

48. Defendant has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without properly compensating such non-exempt employees for all hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for

which they were employed.

49. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein; though Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate his damages.

50. Moreover, Defendant knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

51. Defendant knew or should have known its pay practices were in violation of the FLSA.

52. Defendant is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

53. The decision and practice by Defendant to not pay the proper amount of overtime for all hours worked over forty (40) each week was neither reasonable nor made in good faith.

54. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

55. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendant employees who are or have been similarly situated to Plaintiff, who have been victims of wage theft as a result of Defendant's illegal payroll practice of paying an hourly "*per diem*".

56. Other similarly situated employees of Defendant have been victimized by

Defendant's patterns, practices, and policies, which are in willful violation of the FLSA.

57. Defendant's failure to pay Plaintiff and the FLSA Collective Members for all overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendant, and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

58. Plaintiff's experiences are typical of the experiences of the FLSA Collective Defendant.

59. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

60. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

61. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations.

62. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

63. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in herein and notice should be promptly sent.

**COUNT TWO**
**(Class Action Alleging Violations of Va. Code § 40.1-29.2)**

A. **VA. CODE § 40.1-29.2 COVERAGE**

64. The "Virginia Class" is defined as:

> **All hourly employees who were employed by Defendant in Virginia at any time from July 1, 2021, to June 30, 2022, who were paid an hourly *per diem* and who worked over 40 hours in a workweek. ("Virginia Class").**

11

65. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Va. Code § 40.1-29.2.

66. At all times hereinafter mentioned, Plaintiff and the Virginia Class have been "employees" within the meaning of Va. Code § 40.1-29.2.

**B.  FAILURE TO PAY WAGES IN ACCORDANCE WITH VA. CODE § 40.1-29.2**

67. The Defendant has knowingly and willfully violated Va. Code § 40.1-29.2 by failing to pay Plaintiff and the Virginia Class their full overtime wages.

68. Defendant's policies and procedures deprived Plaintiff and the Virginia Class of their earned overtime wages.

69. Pursuant to Va. Code § 40.1-29(J), Plaintiff and the Virginia Class are entitled to recover payment of unpaid wages, an equal amount of liquidated damages, prejudgment interest, and attorney's fees. Further, Defendant's violation was knowing one thus entitling Plaintiff and the Virginia Class to recovery of triple damages.

70. Plaintiff brings this action for all violations alleged herein commencing July 1, 2021, and ongoing until July 1, 2022.

71. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

**C.  VIRGINIA CLASS ALLEGATIONS**

72. Plaintiff Denham brings his Virginia claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Defendant to work in Virginia at any time within the three (3) years preceding the filing of this Complaint.

73. Class action treatment of Plaintiff's claims are appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

74. Plaintiff and the Virginia Class all were made to assent to essentially identical agreements, were all paid by the hour, and were subject to the same hourly *per diem* pay practices.

75. Certification of the Virginia Class is the most efficient and economical means of resolving the questions of law and fact which are common to the claims of the Plaintiff and the Virginia Class. Conversely, proceeding on an individual basis will require the filing of potentially scores of duplicative individual suits which will waste judicial time and resources and create the risk of inconsistent or varying adjudications of common issues.

76. The class which the Plaintiff seeks to represent is so numerous that joinder is impracticable. On information and belief, the putative class during the liability period is approximately thirty (30) or more people.

77. The impropriety of Defendant's illegal policies and practices regarding its hourly *per diem* present common issues of fact in this matter. Moreover, because Plaintiff, and those similarly situated are all made to sign nearly identical boilerplate contracts, the pay and classification practices at issue apply uniformly and present identical questions of law and fact with respect to the Plaintiff and the Virginia Class.

78. The claims of the Plaintiff are typical of those of the class members as a whole in that their claims are based on the same contract and business and compensation practices. The relief sought by the Plaintiff for unpaid overtime wages is typical of the relief which is sought on behalf of the proposed class.

79. Plaintiff is an adequate class representative for the Virginia Class. His interests are co-extensive with those of the members of the proposed class he seeks to represent. Plaintiff has knowledge of the operative employment agreement as well as an intimate knowledge of the terms and conditions of employment with Defendant while staffed in Virginia. He is committed to being

a representative of the class and has retained counsel experienced in prosecuting class action employment cases to protect the interests of the class.

80. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

81. Accordingly, the Virginia Class should be certified.

### VI. RELIEF SOUGHT

Plaintiff respectfully prays for judgment against Defendant as follows:

a. For an Order certifying the FLSA Collective as defined herein and requiring Defendant to provide the names, addresses, e-mail addresses, and telephone numbers, and any other necessary information, of all putative collective action members;

b. For an Order certifying the Virginia Class as defined herein and designating Plaintiff Denham as the Class Representative of the Virginia Class;

c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and those FLSA Collective Members who join in the suit, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and those FLSA Collective Members who join the suit;

e. For an Order pursuant to Virginia law awarding Plaintiff and the Virginia Class members unpaid wages, an equal amount of liquidated damages, prejudgment interest, and

attorney's fees, and any other damages allowed by law;

   f. For an Order pursuant to Virginia law finding that Defendant's violations were "knowing" and thus awarding treble damages to Plaintiff and the Virginia Class;

   g. For an Order awarding costs and expenses of this action;

   h. For an Order awarding attorneys' fees pursuant to the FLSA and/or Virginia law;

   i. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

   j. For an Order granting such other and further relief as may be necessary and appropriate.

Date: July 29, 2022    Respectfully submitted,

         By: /s/ *Zev H. Antell*
           Harris D. Butler, III (VSB No. 26483)
           Craig J. Curwood (VSB No. 43975)
           Zev H. Antell (VSB No. 74634)
           **BUTLER CURWOOD, PLC**
           140 Virginia Street, Suite 302
           Richmond, Virginia 23219
           Telephone: (804) 648-4848
           Facsimile: (804) 237-0413
           harris@butlercurwood.com
           craig@butlercurwood.com
           zev@butlercurwood.com

           ***Attorneys for Representative Plaintiff and Putative Class Members***